**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**MARSHALL ADAWAY**
        Plaintiff,


v.


**PATRICK ATWATER, JR., in his**
**official capacity as Superintendent;**
**TIFT COUNTY SCHOOLS, TIFT**
**COUNTY SCHOOL BOARD; KIM**
**EZEKIAL, in her official capacity as**
**Board Member; JOHN W. SMITH, in**
**his official capacity as Board**
**Member; KIM RUTLAND, in her**
**official capacity as Board Member;**
**RITA GRIFFIN, in her official**
**capacity as Board Member;**
**MARIAN RICHBOURG, in her**
**official capacity as Board Member;**
**MELANIE ROBERSON, in her**
**official capacity as Board Member;**
**GANNON HALL, in his official**
**capacity as Board Member**,
        Defendants.

Civil Action No. 7:13-CV-142 (HL)

## ORDER

This case is before the Court on Defendants' Motion to Dismiss. (Doc. 13). For the reasons discussed below, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and under the Age Discrimination in Employment Act ("ADEA"). The Court

**GRANTS** Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress.

## I.   FACTS

Plaintiff began working for the Tift County School District in Tifton, Georgia as a paraprofessional and a bus driver in August 1991. (Compl. ¶ 20). On or about November 8, 2012, the principal of Tift County High School instructed Plaintiff to go home and not to return to work until instructed. (Compl. ¶ 21-22). The school district terminated Plaintiff's employment on December 12, 2012. (Compl. ¶ 5). The termination stemmed from alleged violations of school policy, namely showing inappropriate materials to students on the internet during classroom time. (Compl. ¶ 23; Answer ¶ 5). Plaintiff alleges that the Tift County School District discriminated against him based on his race and his age. (Compl. ¶¶ 24-26; 35-36). He contends that other similarly situated employees who engaged in similar or more egregious conduct who either were of a different race or a younger age were not terminated. (Compl. ¶¶ 24, 35).

On March 19, 2014, Plaintiff faxed two letters to the Equal Employment Opportunity Commission ("EEOC") in Savannah, Georgia. (Plaintiff's Response to Mot. to Dismiss, Doc. 20-1, p. 1-4). In his first letter, Plaintiff requests to file a charge for age discrimination. (Doc. 20-1, p. 2). In his second letter, Plaintiff sets forth his name, his age, the name of his employer, the nature of his employment, the facts leading to his dismissal, and his allegation that the school system

2

discriminated against him on the basis of his age, having filled Plaintiff's vacant positions with younger employees. (Doc. 20-1, p. 3-4).

Plaintiff filed a Charge of Discrimination form with the EEOC on July 2, 2013. (Mot. to Dismiss, Ex. 1, Doc. 12-1). In the charge, Plaintiff alleges that on December 12, 2012, Defendants discriminated against him because of his age and race by terminating him for an offense he claims he did not commit. The EECO provided a Notice of Charge of Discrimination to the school district on July 8, 2013. (Def.'s Reply in Support of Mot. to Dismiss, Ex. 2, Doc. 21-1, p. 1). The EEOC issued a Notice of Suit Rights on July 24, 2013. (Compl., Doc. 1-2). Plaintiff filed this lawsuit on October 21, 2013. On February 4, 2014, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. (Doc. 13).

## II.  MOTION TO DISMISS STANDARD

When examining a motion to dismiss, the court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court, however, need not accept any legal conclusions asserted in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."

3

Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Id. at 556. Rule 12(b)(6) does not permit dismissal of a complaint "simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556).

III.    ANALYSIS

   A.    Consideration of the EEOC Charge

Before addressing the merits of Defendants' motion, the Court first must determine whether consideration of documents outside of the pleadings, namely Plaintiff's March 19, 2013 letters to the EEOC and subsequent EEOC charge, requires conversion of the motion to dismiss into a motion for summary judgment. The Court holds that it does not.

Typically, "[w]hen a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." Johnson v. Unique Vacations, Inc., 498 F. App'x 892, 894 (11th Cir. 2012). Conversion is not always required. The court may consider a document outside the pleadings if "(1) it is central to the plaintiff's claims, and (2) its authenticity is not challenged." Chestnut v. Ethan Allen Retail, Inc., __F. Supp.2d __, 2013 WL 5290123, at *3 (N.D. Ga. September 20, 2013) (citing Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). A "document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999). In the context of employment discrimination cases, courts routinely consider the EEOC charge when reviewing

a motion to dismiss. <u>Chestnut</u>, 2013 WL 5290123, at *3; <u>Nixon v. United Parcel Serv., Inc.</u>, No. 7:13-CV-38 (HL), 2013 WL 6815719 (M.D. Ga. Dec. 24, 2013).

Here, Plaintiff attached an unsigned, undated version of his Charge of Discrimination to his Complaint. (Doc. 1-1). Defendants attached a copy of the same Charge of Discrimination to their Answer. (Doc. 12-1). This supplemented version of the charge includes both Plaintiff's signature and the date he signed the form, July 2, 2013. Plaintiff in his Brief in Opposition to Defendants' Motion to Dismiss (Doc. 20) then included two letters dated March 19, 2013 and addressed to the regional EEOC office. (Doc. 20-1, p. 1-4). Plaintiff alleges that these letters constitute his charge for the purpose of calculating the requisite time limitation and that the formal charge form simply amends the original charge.

Neither party disputes the authenticity of any of the documents or the dates on which they were filed. The controversy involves the issue of whether Plaintiff presents sufficient evidence that the letters constitute a valid charge of discrimination within the meaning of the pertinent statute and whether the subsequent amendments in the Charge of Discrimination resolve any procedural and substantive defects in Plaintiff's original submission to the EEOC. The Court finds that it may consider these documents without converting Defendants' motion to dismiss into a motion for summary judgment.

6

**B.     ADEA**

Plaintiff asserts claims against Defendants for discrimination based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendant's move the Court to dismiss Plaintiff's ADEA claims because there is not enough evidence in the record to conclude that the letters Plaintiff sent to the EEOC on March 19, 2013 to constitute a valid charge of age discrimination. After careful consideration, the Court finds that the letters in question reasonably may be construed as a request for the EEOC to take action on Plaintiff's ADEA claim.

Prior to initiating a lawsuit claiming violations of the ADEA, a plaintiff first must exhaust all available administrative remedies. 29 U.S.C. § 626(d)(2); Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004). In Georgia, a non-deferral state, the plaintiff must file a charge of discrimination within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(A); 29 C.F.R. § 1626.7; Kelly v. Dun & Bradstreet, Inc., 2014 U.S. App. LEXIS 3709, at *7 (11th Cir. Feb. 27, 2014); Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003). "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." Jordan v. City of Montgomery, 283 F.App'x 766, 767 (11th Cir. 2008).

The term "charge" has no statutory definition, and "a wide range of documents might be classified as charges." Federal Express Corp. v. Holowecki,

7

552 U.S. 389, 402 (2008). As a starting point, though, a valid ADEA charge "shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6. Additionally, the charge should contain the following:

> (1)  The full name, address and telephone number of the person making the charge;
> (2)  The full name and address of the person against whom the charge is made;
> (3)  A clear, concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;
> (4)  If known, the approximate number of employees of the prospective defendant employer.

29 C.F.R. § 1626.8. However, a charge is sufficient by meeting the basic requirements of § 1626.6, provided the information presented can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Holowecki, 552 U.S. at 402.

Courts are "'extremely reluctant to allow procedural technicalities to bar'" disability claims. Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455. 460-61 (5th Cir. 1970)). The charge itself "is not filed as a preliminary to a lawsuit," but rather serves "to trigger the investigatory and conciliatory procedures of the EEOC." Sanchez, 431 F.2d at 466 (emphasis in original). The ADEA establishes a "remedial scheme in which laypersons, rather than lawyers, are expected to

8

initiate the process." EEOC v. Commercial Office Products Co., 486 U.S. 107, 124 (1988). Thus, while construing "ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts[,] here . . . the rule would undermine the remedial scheme Congress adopted." Holowecki, 552 U.S. at 406.

Plaintiff's March 19, 2013 letters meet the minimal requirements to constitute a valid charge. Since there is no absolute definition of what constitutes an ADEA charge, a court must consider not the form of the charge but the contents thereof. Holowecki, 552 U.S. at 402. The Supreme Court in Holowecki explained that a permissive standard applies when evaluating the validity of an ADEA charge, whereby "the filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of terms, the filer requests the agency to activate its machinery and remedial processes." Id. at 403. Here, Plaintiff's request to file an ADEA charge against the Tift County School Distrcit may reasonably be construed as asking the EEOC to initiate the agency's process. (Doc. 20-1, p. 2). While his explanatory letter does not include some of the finer details suggested by 29 C.F.R. § 1626.8(a), such as the address of the employer, Plaintiff provided enough information for the letters to be deemed a charge.

Defendants suggest that Plaintiff's letters do not qualify as a charge of discrimination because there is no evidence that the EEOC treated the letters as

a charge and because the EEOC did not provide Defendants notice of the March 2013 letters. The law requires the EEOC to act "[u]pon receiving a charge" and to "promptly notify all persons named in the charge as prospective defendants." 29 U.S.C. § 626(d)(2). Defendants here make the same argument as the employer in Holowecki, claiming that the EEOC's failure to take immediate action on Plaintiff's letter means that the letter does not meet the requirements of a charge. 522 U.S. at 403. Both the Supreme Court and the EEOC rejected this reading of the statue as too artificial. Id. Filing a charge is a prerequisite to filing a lawsuit. Id. at 403-404. The governing statute "does not condition the individual's right to sue upon the agency taking any action." Id. Therefore, the Defendant's motion to dismiss on the premise that Plaintiff's ADEA claim does meet the statutory requirements of a charge is denied.

### C.    TITLE VII

Plaintiff additionally alleges that Defendants discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendants move to dismiss the Title VII claim because Plaintiff failed to exhaust his administrative remedies.

A plaintiff bringing a claim under Title VII for race discrimination is subject to the same exhaustion requirements under the ADEA. 42 U.S.C. § 2000e-5; H & R Block E. Enters., Inc. v. Morris, 606 F.3d 1285, 1295 (11th Cir. 2010). Here, it is not disputed that Plaintiff did not raise the issue of race in his unverified March

10

19, 2014 charge letter. Rather, Defendants question whether the Charge of Discrimination form, dated outside the mandatory 180 day statutory time frame, effectively amended the original charge and whether that amendment dates back to the initial filing with the agency.

As with an ADEA claim for discrimination, a plaintiff seeking relief for alleged race discrimination under Title VII first must file a charge of discrimination within 180 days of the last discriminatory act. 42 U.S.C. § 2000e-5(e)(1); H & R Block, 606 F.3d at 1295. The charge must be in writing, signed, and verified. 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.9; Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317-18 (11th Cir. 2001).

To be verified, the charge shall "be sworn or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). The plaintiff may amend the charge to cure a technical defect, including the failure to verify the charge. 29 C.F.R. § 1601.12(b). The "deadline to verify is the time the employer is obliged to respond to the EEOC charge." Butler v. Greif, Inc., 325 Fed. Appx. 748, 749 (11th Cir. 2009).

As Defendants highlight, Plaintiff's March 19, 2014 charge letters were not verified. However, the verification requirement does not apply to Plaintiff's original charge document. Verification is unique to Title VII claims. 42 U.S.C.

11

§ 2000e-5(b); <u>Holowecki</u>, 552 U.S. at 393. When Plaintiff first submitted his charge to the EEOC, he raised only allegations of age discrimination. The ADEA does not include a similar verification prerequisite. <u>See</u> 29 U.S.C. § 626(d); 29 C.F.R. § 1626.6. Even if the ADEA did mandate verification, Plaintiff resolved the verification issue when he signed the Charge of Discrimination form "under penalty of perjury that the above is true and correct." (Doc. 12-1). Plaintiff properly verified the charge prior to the EEOC notifying the employer of the charge and prior to the deadline for the employer to respond to the charge. (Doc. 21-1). Accordingly, the Court declines to dismiss Plaintiff's Title VII claims on the ground that the charge was not verified.

The more pertinent issue is whether Plaintiff's Charge of Discrimination, in which he alleges discrimination on the basis of both age and race, properly amended his original charge letters that only raised allegations of age discrimination, and whether that amendment dates back to the March 2013 letters. After filing a charge of discrimination, a plaintiff may amend a charge in order to "clarify or amplify allegations made therein." 29 C.F.R. § 1601.12(b). "Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date charge was first received." <u>Id</u>. An amendment "constitutes a mere clarification and amplification of the original charge where it only spells out in greater detail the employee's original

allegations." Kelly v. Dunn & Bradstreet Corp., 457 Fed. App'x. 804, 805 (11th Cir. 2011).

Defendants ask the Court to dismiss Plaintiff's Title VII claim on the premise that Plaintiff did not exhaust his administrative remedies. Plaintiff's March 19, 2013 letters to the EEOC, which Plaintiff filed timely and which this Court already ruled to be a valid charge, contain allegations pertaining only to possible age discrimination. Plaintiff did not raise the issue of racial discrimination until he submitted his July 2, 2013 Charge of Discrimination. This filing fell several weeks outside the 180-day time requirement, which ended June 10, 2013. Thus, Plaintiff's Title VII claims may only move forward upon a finding that the late-filed Charge of Discrimination serves as an amendment to Plaintiff's original letter and dates back to that first timely filing.

The regulations clearly permit an aggrieved employee to amend his charge to expound on the allegations of discrimination, provided any new alleged acts grow out of the same set of facts. 29 C.F.R. § 1601.12(b). The purpose of the charge ultimately is to initiate the administrative investigation and to put the employer on notice of the nature of the allegations asserted against it. See Sanchez, 431 F.2d at 466. Any judicial complaint arising out of the EEOC investigation then must rely on facts that reasonably can be expected to evolve from the charge of discrimination. See Gregory, 355 F.3d at 1280.

Examining both the Complaint and the accompanying charge notices, the Court finds that Plaintiff has alleged sufficient facts to demonstrate that the Title VII claims raised in the Charge of Discrimination form arose out of the same set of facts set forth in Plaintiff's first correspondence with the EEOC. The Court deems the Charge of Discrimination an amendment to the original charge dating back to the date the EEOC received Plaintiff's March 2013 letters. Plaintiff accordingly may pursue his Title VII claim.

### D.    Intentional Infliction of Emotional Distress

Count V of Plaintiff's complaint alleges a state law claim for intentional infliction of emotional distress ("IIED"). (Compl. ¶40). Plaintiff makes no specific allegations of how Defendants caused him distress beyond a blanket statement that Defendants "intentionally terminated Plaintiff for known false allegations." (Compl. ¶ 41). These claims lack merit and are dismissed.

In order to succeed on an IIED claim, a plaintiff must provide evidence that "(1) the defendant's conduct intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) a causal connection existed between the wrongful conduct and the emotional distress." Scott v. Rite Aid of Ga., Inc., 918 F. Supp.2d 1291, 1305 (M.D. Ga. 2013). Conduct rises to the level of being "extreme and outrageous" where the conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" Id.

14

(quoting Abdul-Malik v. AirTran Airways, Inc., 297 Ga. App. 852, 856 (2009)). Whether a party's actions meet the requisite level of extremity to meet support an IIED claim generally is a question of law. Abdul-Malik, 297 Ga. App. at 856).

Georgia is an at-will employment state, and Georgia law does not recognize wrongful discharge of at-will employees. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). Regardless of whether a plaintiff's employment is terminable at will, the "fact of termination – even for improper reasons – is not the kind of egregious conduct that gives rise to a claim of intentional infliction of emotional distress." Walker v. Putnam County, 2010 U.S. Dist. LEXIS 95593, at *41 (M.D. Ga. Sept. 14, 2010); see also Scott, 918 F. Supp.2d at 1305 ("termination of an employee generally is not extreme and outrageous conduct, no matter how stressful the termination is for the employee").

Plaintiff has produced no evidence that Defendants actions in terminating him were extreme or outrageous. As a result, Plaintiff's claims for IIED fail.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's ADEA and Title VII claims is denied. The Court grants Defendants' Motion to Dismiss Plaintiff's IIED claim.

The Court hereby lifts the order staying discovery entered by text entry on February 19, 2014. The parties are to confer and submit a Rules 16 and 26

discovery report no later than May 27, 2014. (<u>See</u> Doc. 15, Rules 16/26 Order,

entered February 5, 2014).

     **SO ORDERED**, this 12th day of May, 2014.

                     *s/ Hugh Lawson*
                     **HUGH LAWSON, SENIOR JUDGE**

aks